George SISNEROS, Plaintiff–Appellant,

v.

OFFICE OF PUEBLO COUNTY SHERIFF; Kirk Taylor, Pueblo County Sheriff; Pueblo County Sheriff's Detention Center, John and Jane Doe deputies and employees (to be later specifically identified) of Pueblo County Sheriff and Detention Center; John/Jane Doe, physicians and medical treatment providers (to be later specifically identified) at Pueblo County Sheriff's Detention Center;

City of Pueblo; James W. Billings, Jr., Chief of Police of Pueblo; Ronald M. Oreskovich, Officer, Defendants–Appellees.

No. 11–1312.

United States Court of Appeals, Tenth Circuit.

May 22, 2012.

Richard Francis Bednarski, Richard Lewis Tegtmeier, Tegtmeier Bednarski Law Firm, LLC, Ann Kaufman, Rick B. Levinson, Kaufman & Levinson, LLC, Colorado Springs, CO, for Plaintiff–Appellant.

Jonathan A. Cross, Esq. Sean J. Lane, Esq., Cross & Liechty, P.C., Greenwood Village, CO, Sarah Elizabeth McCutcheon, Thomas Sullivan Rice, Esq., Senter Goldfarb & Rice, L.L.C., Denver, CO, Franklin P. Lauer, Pueblo, CO, for Defendants–Appellees.

Before TYMKOVICH, BALDOCK, and GORSUCH, Circuit Judges.

## ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Before us is George Sisneros's appeal from a grant of qualified immunity to Officer Ronald Oreskovich and Sheriff Kirk Taylor, as well as the district court's denial of Mr. Sisneros's motion for leave to amend his complaint. The injuries Mr. Sisneros suffered are serious and saddening. But the district court thoroughly and carefully surveyed the relevant facts and law in four separate orders spanning more than forty pages before concluding that governing precedent required it first to grant qualified immunity and then to dismiss the case. After our own independent and searching review of the briefs and

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

record in this case, we are able to discern no reversible error in the district court's analysis. Neither are we able to see anything we might usefully say that has not been said already. Accordingly, we affirm for substantially the reasons the district court provided in its extensive opinions.

\*\* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.